UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Yiming Luo,

Plaintiff

v.

John Mattos, et al.,

Defendants

Case No. 2:25-cv-02460-CDS-EJY

**Order Granting in Part the Petitioner's Writ and Denying as Moot the Preliminary Injunction**

[ECF Nos. 12, 14]

On December 16, 2025, petitioner Yiming Luo filed a petition for writ of habeas corpus. *See* Pet. for writ., ECF No. 3. On December 30, 2025, Luo amended his petition. *See* First am. pet., ECF No. 12. Therein, Luo requests a writ ordering his immediate release, declaring that his continued prolonged detention violates his Fifth Amendment due process rights, and granting other related relief. *Id.* at 16. That same day, Luo filed a motion for preliminary injunction (PI). *See* Mot., ECF No. 14. The respondents filed an omnibus response to the petition and motion. *See* Resp., ECF No. 17.[1] And Luo replied. *See* Reply, ECF No. 18. Because I find that Luo's removal is not reasonably foreseeable, I grant his writ on this basis.[2]

I.      Background[3]

Petitioner Luo is a citizen of China. ECF No. 12 at 2. Luo was detained on June 12, 2025. *Id.* at 2, 4. As provided in his petition, Luo entered the United States in 2019 and lived in Los Angeles. *Id.* at 3. On October 21, 2024, Luo was arrested for theft in Henderson, Nevada. *Id.* He made bail and appeared for his hearing at Henderson Justice Court on January 15, 2025; May 14,

---

[1] The named respondents are John Mattos, NSDC Warden; Michael Bernacke, Field Office Director of the West Valley city ICE office; Todd Lyons, ICE Acting Director; Kristi Noem, Department of Homeland Security, Secretary; and Pam Bondi, U.S. Attorney General.

[2] Because I grant in part Luo's writ of habeas corpus, I deny as moot the motion for preliminary injunction.

[3] Unless otherwise noted, the court only cites to Luo's amended petition (ECF No. 12) and the respondents' response (ECF No. 17) to provide context to this action, not to indicate a finding of fact.

2025; and June 12, 2025. *Id.* at 3–4. At his June 12, 2025 hearing, he was detained by ICE officers. *Id.* at 4.

Luo was ordered removed to China on July 2, 2025. *Id.* at 3; Automated case information, Pet.'s Ex. 2, ECF No. 13-2 at 2–4; ECF No. 17 at 2. On July 2nd, an immigration judge ordered that Luo was inadmissible under the Immigration and Nationality Act (INA) § 212(a)(6)(A)(i). ECF No. 17 at 2; Immigration order, Resp'ts' Ex. 1, ECF No. 17-1. The immigration judge denied his petition for voluntary departure under INA § 240(B) and did not order any alternative countries for removal. ECF No. 17 at 2. The Department of Homeland Security (DHS) and the petitioner waived appeal of the order, making it a final order. *Id.*

In his amended petition, Luo brings the following claims for relief: (1) his continued indefinite detention violates his Fifth Amendment right to due process because his removal is not reasonably foreseeable; (2) his continued detention violates the Immigration and Nationality Act, 8 U.S.C. § 1231(a)(6); and (3) ICE's policy to remove noncitizens to a third country with no notice or opportunity violates his Fifth Amendment right to due process and constitutes arbitrary and capricious agency action, in violation of the Administrative Procedure Act, 5 U.S.C. § 706. *See* ECF No. 12.

## II.   Legal standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III.      Discussion

Authority delegated to the Attorney General, such as those related to immigration proceedings, is still subject to the requirements of due process. The Due Process Clause of the Fifth Amendment provides that "[n]o person shall . . . be deprived of . . . liberty . . . without due process of law." U.S. Const. amend. V. Indeed, "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas*, 533 U.S. at 690. And the Supreme Court has repeatedly recognized "that civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." *Addington v. Texas*, 441 U.S. 418, 425 (1979). As relevant here, Luo argues that his continued detention is unlawful, and that he is unlikely to be removed in the foreseeable future, so his detention violates his due process rights. *See* ECF No. 12 at 2, 12–14.

The respondents assert that the petitioner is lawfully detained under 8 U.S.C. § 1231(a). ECF No. 17 at 9. The respondents also assert that the petitioner has not satisfied the burden required under *Zadvydas* to demonstrate that there is no significant likelihood of removal in the reasonably foreseeable future, nor has he alleged facts showing that DHS's ongoing efforts to effectuate removal have reached an impasse. *Id.* at 9. They further assert that habeas relief is not warranted because the challenged detention is authorized by statute and consistent with constitutional limitations articulated by the Supreme Court. *Id.* I find the respondents' assertions unpersuasive. The respondents state that during Luo's detention, ICE has sought to obtain travel documents to effectuate his removal to China (*id.* at 2), but they have not provided this court with any information to assert that removal has become foreseeable.

3

I therefore find that Luo has met his burden in showing that his due process rights have been violated by remaining in prolonged detention. The Supreme Court has explained the provisions of § 1231(a) as follows:

> Once [a noncitizen] is ordered removed, DHS must physically remove him from the United States within a 90-day "removal period." 8 U.S.C. § 1231(a)(1)(A). The removal period begins on the latest of three dates: (1) the date the order of removal becomes "administratively final," (2) the date of the final order of any court that entered a stay of removal, or (3) the date on which the [noncitizen] is released from non-immigration detention or confinement.

*Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021). Under § 1231, the removal period may be extended beyond 90 days for a variety of reasons. *Id.* at 528–29. Because "[a] statute permitting indefinite detention . . . would raise a serious constitutional problem," the Supreme Court has "read an implicit limitation" into the statute and has held that a noncitizen may only be detained for "a period **reasonably** necessary" to effectuate their removal. *Zadvydas*, 533 U.S. at 682 (emphasis added). A period reasonably necessary to bring about the noncitizen's removal from the United States "is presumptively six months." *Johnson*, 594 U.S. at 529. When a removable noncitizen is detained beyond this reasonable time and "removal is not reasonably foreseeable, the court should hold continued detention unreasonable." *Id.* at 699. In other words, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699–700. As time passes, the burden on the government increases accordingly. *See Sweid v. Cantu*, 2025 U.S. Dist. LEXIS 213969, at *10 (D. Ariz. Oct. 30, 2025).

Here, Luo's detention has surpassed both the 90-day and the 180-day period of presumptive reasonableness. He has been detained since approximately June 12, 2025. ECF No. 12 at 2. And the 90-day removal period began on July 2, 2025, when the IJ ordered removal and both parties waived appeal. *Id.* at 13. Because his detention surpassed the presumptively reasonable period, the burden shifts to the government. *See Barka v. Mattos*, 2025 U.S. Dist. LEXIS 264962, at *16 (D. Nev. Dec. 23, 2025) (quoting *Sweid*, 2025 U.S. Dist. LEXIS 213969, at *3)

4

(explaining that after the expiration of six months, the detainee need only offer a valid reason why removable is unforeseeable, which the government must then disprove). And based on the record, the government has not provided this court with supporting information or documents to show that removability would be reasonably foreseeable. I therefore find that the respondents have not supported their position as to why mandatory detention beyond six months is necessary and further find that the petitioner's removal is not reasonably foreseeable. To hold him in detention indefinitely is a violation of his due process rights. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) (explaining that when a court considers a due process claim, it may tailor relief to the specific problem that gives rise to the due process violation). So I grant his petition as to his due process claim and provide further instructions below.

Finally, because I grant relief under the § 2241 petition for the reasons set forth above, I decline to address other claims on the merits and deny all the other requested relief in the petition without prejudice.

## IV.    Conclusion

IT IS ORDERED the petitioner's amended petition for writ of habeas corpus [**ECF No. 12] is GRANTED in part** as set forth in this order.

IT IS FURTHER ORDERED that the respondents are ordered to release Luo within twenty-four hours of this order, and if applicable, subject to any prior order of supervision.

IT IS FURTHER ORDERED that the parties must file a joint status report no later than **Thursday, February 5, 2026,** advising status of compliance with this order.

IT IS FURTHER ORDERED that the petitioner's motion for preliminary injunction **[ECF No. 14] is DENIED as moot**.

Dated: January 21, 2026

_____
Cristina D. Silva
United States District Judge

5